**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| | Jury Trial Demanded |
| *This Document Relates To* | Complaint |
| KYLE CLARK,<br>        Plaintiff, | |
| | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |
| v. | |
| 3M COMPANY,<br>        Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.     Plaintiff, KYLE CLARK ("Plaintiff"), by and through his attorneys, Thomas J. Henry Law, PLLC, now come before this Court and complain of Defendant 3M COMPANY ("Defendant," "3M," or "3M/Aearo") for personal injuries resulting from Defendant's defective and unreasonably dangerous product, Dual-ended Combat Arms™ earplugs (Version 2 CAE v. 2). At all times relevant hereto, the Dual-ended Combat Arms™ earplugs were designed, manufactured, marketed, and distributed by Defendant.

## I.     INTRODUCTION

2.     Plaintiff, a United States Air Force and Kentucky Air Force National Guard Veteran, brings this suit to recover damages arising from

1

personal injuries sustained while in training and/or on active military duty domestically and abroad. Plaintiff used Defendant's defective and unreasonably dangerous Dual-ended Combat Arms™ earplugs during live grenade training, training firing, other live fire training, troop transport, vehicle maintenance, and during other training and combat exercises. Defendant sold the Dual-ended Combat Arms™ earplugs to the U.S. military for more than a decade without the military and/or Plaintiff having any knowledge of the defect(s) and failed to adequately warn the military and/or Plaintiff of the defect(s). Defendant's Dual-ended Combat Arms™ earplugs were standard issue in certain branches of the military, including Plaintiff's, between at least 2003 to at least 2015. Defendant's Dual-ended Combat Arms™ earplugs have to-date never been recalled. Thus, Defendant's Dual-ended Combat Arms™ earplugs have likely caused thousands, if not millions, of soldiers to suffer significant hearing loss, tinnitus, vertigo, headaches, and additional injuries related to hearing loss, including but not limited to pain and suffering and loss of the pleasures of life.

## II.   PARTIES

3.     Plaintiff, a U.S. Air Force and Kentucky Air Force National Guard Veteran, is a citizen and resident of Kentucky. Plaintiff joined the U.S. Air Force and Kentucky Air Force National Guard in 2008. At the time of enlistment, Plaintiff had no signs or symptoms of hearing loss, tinnitus, vertigo, headaches,

or any other hearing-related injuries or illnesses. Plaintiff served in the Air Force and Kentucky Air Force National Guard from 2008 to 2017 and routinely worked as a security forces specialist. Plaintiff was issued and wore Defendant's Dual-ended Combat Arms™ earplugs beginning in approximately 2012 to 2013. Plaintiff is now suffering from tinnitus and hearing loss.

4.     3M Company is a Delaware corporation with its principal place of business in Minnesota.

## III.   JURISDICTION AND VENUE

5.     Plaintiff's filing of this Complaint in this district does not alter the choice-of-law analysis and does not constitute a waiver of any of Plaintiff's rights to transfer to another district at the conclusion of pretrial proceedings in this case. Plaintiff has filed this Complaint in this district in order to advance the efficient and orderly resolution of claims arising from Defendant's conduct. At the conclusion of pretrial proceedings in this case, Plaintiff will be entitled to transfer his claim to the state of his residence, the Western District of Kentucky.

6.     This Court has diversity jurisdiction over this action under 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and Plaintiff is a citizen of a different state than Defendant.

## IV.     FACTUAL BACKGROUND

7.     Based upon information and belief, and upon the pleadings and

allegations as contained in *United States ex rel. Moldex-Metric, Inc. v. 3M Company*, Case No. 3:16-cv-01533-DCC (D.S.C. 2016), Plaintiff states as follows:

8.    On July 26, 2018, Defendant agreed to pay $9.1 million to resolve False Claims Act allegations that it knowingly sold the Dual-ended Combat Arms™ Earplugs to the United States military without disclosing defects that hampered the effectiveness of the hearing protection device. *See* United States Department of Justice, 3M Company Agrees to Pay $9.1 Million to Resolve Allegations That It Supplied the United States with Defective Dual-Ended Combat Arms™ Earplugs (Jul. 26, 2018), available at https://www.justice.gov/opa/pr/3m-company-agrees-pay-91-million-resolve-allegations-it-supplied-united-states-defective-dual    (last visited May 17, 2019).

9.    This False Claims Act lawsuit was filed under seal and not unsealed until July 26, 2018. Plaintiff had no notice of the Dual-ended Combat Arms™ earplugs defects until after July 26, 2018. Additionally, 3M did not recall or issue any non-package warnings regarding the Dual-ended Combat Arms™ earplugs at any time prior to this lawsuit being filed.

10.    The Dual-ended Combat Arms™ earplugs were originally designed and created by a company called Aearo Technologies ("Aearo"), which 3M wholly acquired, including liabilities, in 2008.

11.    Defendant designed the Dual-ended Combat Arms™ earplugs to provide soldiers with two different options for hearing attenuation depending upon how the plugs are worn. If worn in the "closed" or "blocked" position (olive end in), the earplugs are intended to act as a traditional earplug and block as much sound as possible. And if the earplugs are worn in the "open" or "unblocked" position (yellow side in user's ear), the earplugs are intended to reduce loud impulse sounds, such as gunshots, while allowing the user to hear quieter noises like commands spoken by fellow soldiers and approaching vehicles. A small hole in the stem of the earplug is the mechanism by which these quieter noises were intended to enter the ear. Both sides of the dual-sided earplugs were purported to provide adequate protection for soldier's ears when worn.



12.    The effectiveness of earplugs, including the Dual-ended Combat Arms™ earplugs, are rated using a Noise Reduction Rating ("NRR"). The higher the NRR of a hearing protector, the more effective it will be at reducing noise. The stated NRR of the Dual-ended Combat Arms™ earplugs was 22 NRR with the green end inserted and 0 NRR with the yellow end inserted.

13.     The application of NRR is regulated by the Environmental Protection Agency ("EPA") pursuant to the Noise Control Act, 42 U.S.C. § 4901, et seq., which governs the testing and attendant labeling of hearing protective devices like the Dual-ended Combat Arms™ earplugs. Specifically, 40 C.F.R. § 211.206-1 provides that:

> The value of sound attenuation to be used in the calculation of the Noise Reduction Rating must be determined according to the "Method for the Measurement of Real-Ear Protection of Hearing Protectors and Physical Attenuation of Earmuffs." This standard is approved as the American National Standards Institute Standard (ANSISTD) S3.19- 1974.

14.     Additionally, 40 C.F.R. § 211.204-4(e), of the EPA regulations requires certain "supporting information" must accompany hearing protection devices sold in the United States:

> The following minimum supporting information must accompany the device in a manner that insures its availability to the prospective user. In the case of bulk packaging and dispensing, such supporting information must be affixed to the bulk container or dispenser in the same manner as the label, and in a readily visible location. Instructions as to the proper insertion or placement of the device.

15.     In approximately January 2000, employees from 3M/Aearo began testing the Dual-ended Combat Arms™ earplugs at its own E-A-RCAL laboratory, rather than an independent laboratory. Also, several test subjects were employees of 3M/Aearo.

16.     3M/Aearo's employees tested: (1) the subject's hearing without an earplug inserted; (2) the subject's hearing with the open/unblocked (yellow) end of

the Dual-ended Combat Arms™ earplug inserted; and (3) the subject's hearing with the closed/blocked (olive) end of the Dual-ended Combat Arms™ earplug inserted. 3M/Aearo designed the testing so that they could monitor and stop the testing if the desired NRRs were not obtained. Such monitoring is in violation of the EPA's standards for NRR testing.

17.     3M/Aero tested all test subjects with the open end of the Dual-ended Combat Arms™ earplug to obtain an invalid -2 NRR, which would indicate that the closed end of the earplug actually amplified sound, like a hearing aid. 3M/Aero later represented this test's -2 NRR as a "0" NRR, which 3M/Aero has displayed on its packaging since its launch.

18.     While monitoring the January 2000 testing, 3M/Aearo prematurely stopped the tests after achieving barely half the NRR they were expecting for the Dual-ended Combat Arms™ earplug. 3M/Aearo immediately investigated why the Dual-ended Combat Arms™ earplugs had performed so poorly and discovered that the earplug stem was too short to properly fit the ear canal. 3M/Aearo was aware at this time that the Dual-ended Combat Arms™ earplugs were not performing as anticipated due to design defects.

19.     3M/Aearo had previously shortened the stem of the prototype of the Dual-ended Combat Arms™ earplugs so that the earplugs would fit into a specific carrying case issued to all noise-exposed Army personnel.

20.     3M/Aearo compensated for the known short-stem defect by using a different fitting method in their next testing. In February 2000, 3M/Aearo re-tested the Dual-ended Combat Arms™ earplugs by having the test subjects fold the outward-facing flanges of the earplug backwards prior to insertion into the ear canal. This modified fitting increases the overall length of the Dual-ended Combat Arms™ earplug and allows the user to obtain a proper fit in the ear canal.

21.     The February 2000 testing with the modified fitting procedure allowed 3M/Aearo to achieve the desired NRR of 22 on the closed end of the Dual-ended Combat Arms™ earplug.

22.     Despite purposefully changing the fitting procedure for testing, 3M/Aearo never properly warned serviceman that the only potential way to achieve this purported NRR of 22 was to fold-back the flanges on the opposite end prior to insertion. The fitting instructions accompanying the Dual-ended Combat Arms™ do not instruct the wearer to fold-back the opposing end's flanges.

23.     Defendant's standard fitting instructions state the wearer is to grasp the earplug by the stem and insert it into the ear canal. However, when inserted in this way, the Dual-ended Combat Arms™ earplugs have design defects that cause them to loosen in the wearer's ear and not seal the ear canal from damaging noises. When the Dual-ended Combat Arms™ earplugs loosen, sound can travel around the earplug and directly enter the ear canal, as if the wearer had no hearing protection at

all. Because the Dual-ended Combat Arms™ earplugs are symmetrical, this defect occurs whether the yellow or green end is inserted.

24.     3M's/Aearo's Dual-ended Combat Arms™ earplugs were sold to the military beginning in at least late 2003 and continued to be sold directly and indirectly by 3M to the military until at least late 2015, when Defendant discontinued, but did not recall, the earplugs. As of the date of this filing, the Dual-ended Combat Arms™ earplugs have never been recalled and may be in continued use by soldiers and others to this day.

25.     The military likely purchased, at a minimum, one pair of 3M's Combat Arms™ earplugs for each deployed soldier annually involved in certain foreign engagements between at least 2003 and at least 2015. *See* McIlwain, D. Scott et al., Heritage of Army Audiology and the Road Ahead: The Army Hearing Program, AMERICAN JOURNAL OF PUBLIC HEALTH, Vol. 98 No. 12 (Dec. 2008).

26.     Since 2003, 3M/Aearo has been awarded multiple Indefinite-Quantity Contracts ("IQC") from the U.S. military in response to Requests for Proposal ("RFP"). From 2003-2012, 3M/Aearo was the exclusive supplier of selective attenuation earplugs to the U.S. military. 3M/Aearo knew at the time it bid for the initial IQC that the Dual-ended Combat Arms™ earplugs had dangerous, undisclosed design defects.

27.     3M/Aearo responded to the military's Requests for Proposal ("RFP")

with express certifications that it complied with the Salient Characteristics of Medical Procurement Item Description ("MPID") of Solicitation No. SP0200-06-R-4202.  However, 3M/Aearo knew at the time it made its certifications that the earplugs did not comply with the MPID.

28.     The pertinent Salient Characteristics set forth in the MPID, which were uniform across all RFPs, in relevant part, are as follows:

> 2.1.1 Ear plugs shall be designed to provide protection from the impulse noises created by military firearms, while allowing the wearer to clearly hear normal speech and other quieter sounds, such as voice commands, on the battlefield.
>
> 2.2.2. The sound attenuation of both ends of the ear plugs shall be tested in accordance with ANSI S3.19.
>
> 2.4 Workmanship. The ear plugs shall be free from all defects that detract from their appearance or impair their serviceability.
>
> 2.5 Instructions. Illustrated instructions explaining the proper use and handling of the ear plugs shall be supplied with each unit.
>
> Solicitation No. SP0200-06-R-4202 at 41-42.

29.     3M/Aearo discovered the Dual-ended Combat Arms™ earplug's defects during their initial testing, but represented to the military that the earplugs possessed a 22 NRR in the closed position and 0 NRR in the open position. Defendant knew that the Dual-ended Combat Arms™ earplugs could not obtain these NRRs using the standard fitting procedures contained in the earplug's packaged instructions.

30.     Defendant included standard instructions for "proper use" of the earplugs in the packaging for the earplugs as required by the EPA, Noise Control Act, and the MPID. Defendant's standard instructions for "proper use" of its Dual-ended Combat Arms™ earplugs do not instruct wearers to fold back the flanges of the opposite end before inserting the plug into the ear. Instead, Defendant improperly instructs wearers to simply insert the earplugs into the ear canal.

31.     By failing to instruct wearers of the Dual-ended Combat Arms™ earplug to fold back the flanges on the open/unblocked end of the plug before inserting the closed/blocked end of the plug into their ears (which is necessary to achieve the "22" NRR), 3M/Aearo falsely overstates the amount of hearing protection provided by the closed end of the plug.

32.     3M's/Aearo's packaging and marketing of such earplugs with a labeled NRR of "22/0" thereby misleads the wearer and has likely caused thousands, if not millions, of soldiers to suffer significant hearing loss, tinnitus, vertigo, and migraine headaches. 3M/Aearo continued to use these inaccurate NRRs to market the earplugs to the military for more than ten years without disclosing the design defect in the earplugs.

33.     Plaintiff reserves the right to supplement these facts after discovery.

## V.     CAUSES OF ACTION

### First Cause of Action
### Design Defect Negligence

34.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

35.   At all times relevant to this action, Defendant had a duty to manufacture, design, formulate, test, package, label, produce, create, make, construct, assemble, market, advertise, promote, and distribute, the Dual-ended Combat Arms™ with reasonable and due care for the safety and well-being of U.S. military service men and women, including Plaintiff, who were subject to and used the Dual-ended Combat Arms™ earplugs during their service with the U.S. military.

36.   Plaintiff was a foreseeable user of the Dual-ended Combat Arms™ earplugs and Defendant knew that the Dual-ended Combat Arms™ earplugs would be used by U.S. military service men and women, including Plaintiff.

37.   The Dual-ended Combat Arms™ earplugs are defective in that the design of the earplug causes them to loosen in the wearer's ear, imperceptibly to the wearer, thereby permitting damaging sounds to enter the ear canal by traveling around the outside of the earplug while the user incorrectly believes that the earplug is working as intended.

38.   When the Dual-ended Combat Arms™ is inserted into the ear according to standard fitting instructions, a proper seal is not formed with the ear canal.

39.   The defect has the same effect when either end is inserted because the

earplugs are symmetrical. In either scenario, the effect is that the earplug may not maintain a tight seal in some wearers ear canals such that dangerous sounds can bypass the plug altogether thereby posing serious risk to the wearer's hearing unbeknownst to him or her.

40.    Upon information and belief, Defendant failed to exercise reasonable and due care under the circumstances and therefore breached this duty in the following ways:

a. Defendant failed to design the Dual-ended Combat Arms™ in a manner which would result in an NRR of "22" when used with the closed, olive end inserted, according to the standard fitting instructions provided by Defendant.

b. Defendant failed to properly and thoroughly test the Dual-ended Combat Arms™ earplugs;

c. Defendant failed to properly and thoroughly analyze the data resulting from testing of the Dual-ended Combat Arms™ earplugs;

d. Defendant designed, manufactured, distributed, and sold the Dual-ended Combat Arms™ earplugs without an adequate warning of the significant and dangerous risks of the earplugs;

e. Defendant designed, manufactured, distributed, and sold the Dual-ended Combat Arms™ earplugs without providing proper instructions to avoid

the harm which could foreseeably occur because of using the earplugs in the manner the Defendant's standard fitting instructions directed;

f.   Defendant failed to fulfill the standard of care required of a reasonable and prudent manufacturer of hearing protection products, specifically including products such as the Dual-ended Combat Arms™ earplugs; and

g.   Defendant negligently continued to manufacture and distribute the Dual-ended Combat Arms™ earplugs (Version 2 CAEv.2) to the U.S. military after Defendant knew or should have known of its adverse effects and/or the availability of safer designs.

41.    Defendant knew or should have known that the defective condition of the Dual-ended Combat Arms™ earplugs made it unreasonably dangerous to the U.S. military service men and women who used the earplugs. The Dual-ended Combat Arms™ earplugs were dangerous when used by ordinary U.S. military service men and women who used it with the knowledge common to the U.S. military as to the product's characteristics and common usage.

42.    Defendant knew or should have known of the defective design at the time the Dual-ended Combat Arms™ earplugs were used by Plaintiff.

43.    At the time the Dual-ended Combat Arms™ earplugs were used by Plaintiff and left the possession of Defendant, the Dual-ended Combat Arms™ earplugs were in a condition which made it unreasonably dangerous to the ordinary

U.S. military service member.

44.    At all relevant times, Plaintiff used the Dual-ended Combat Arms™ earplugs in the manner in which they were intended.

45.    As designers, developers, manufacturers, inspectors, advertisers, distributors, and suppliers, of the Dual-ended Combat Arms™ earplugs, Defendant had superior knowledge of the Dual-ended Combat Arms™ earplugs and owed a duty of care to Plaintiff.

46.    It was foreseeable that Defendant's actions, omissions, and misrepresentations would lead to severe, permanent, and debilitating injuries to the Plaintiff.

47.    The Dual-ended Combat Arms™ earplugs were the proximate cause of Plaintiff's personal injuries – specifically Plaintiff's sensorineural hearing loss and tinnitus. Defendant's conduct was a substantial factor in bringing about the injuries sustained by Plaintiff because 3M designed, manufactured, tested, sold, and distributed the Dual-ended Combat Arms™ earplugs to the U.S. military.

48.    As a direct and proximate result of Defendant's negligence in designing and distributing the defective Dual-ended Combat Arms™ earplugs, Plaintiff suffered serious and dangerous side effects, including sensorineural hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

49.    WHEREFORE, Plaintiff demands judgment against Defendant and

requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**Second Cause of Action**
**Design Defect- Strict Liability**

50.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

51.     Defendant is engaged in the business of designing, manufacturing, and selling the Dual-ended Combat Arms™ earplugs.

52.     Plaintiff was a foreseeable user of the Dual-ended Combat Arms™ earplugs.

53.     The Dual-ended Combat Arms™ earplugs are defective in that the design of the earplug causes them to loosen in the wearer's ear, imperceptibly to the wearer, thereby permitting damaging sounds to enter the ear canal by traveling around the outside of the earplug while the user incorrectly believes that the earplug is working as intended.

54.     Defendant knew that the defective condition of the Dual-ended Combat Arms™ earplugs made it unreasonably and inherently dangerous to the U.S. military service members who used the device.

55.     The Dual-ended Combat Arms™ earplugs were inherently dangerous when used by an ordinary user who used it as it was intended to be used.

56.     The Dual-ended Combat Arms™ earplugs were dangerous to an extent

beyond which would be contemplated by the ordinary user who purchased the device because the design of the Dual-ended Combat Arms™ earplugs allow for dangerous sounds to bypass the plug altogether, thereby posing a serious risk to a U.S military service members' hearing unbeknownst to him or her.

57.    Defendant knew of the defective design at the time the Dual-ended Combat Arms™ earplugs were provided to Plaintiff.

58.    At the time the Dual-ended Combat Arms™ earplugs left Defendant's possession, the Dual-ended Combat Arms™ earplugs were defective and were in a condition which made them unreasonably dangerous to the ordinary U.S. military service member who used them.

59.    At all relevant times, Plaintiff used the Dual-ended Combat Arms™ earplugs in the manner in which they were intended.

60.    The Dual-ended Combat Arms™ earplugs were the proximate cause of Plaintiff's hearing loss and tinnitus because the design of the earplugs allows for dangerous sounds to bypass the plug altogether thereby posing a serious risk to Plaintiff's hearing unbeknownst to him.

61.    Defendant's conduct was a substantial factor in bringing about Plaintiff's personal injuries because Defendant designed, tested, manufactured, sold, and distributed the Dual-ended Combat Arms™ earplugs that caused Plaintiff's hearing loss and tinnitus.

62.    As a direct and proximate result of Defendant's design defect, Plaintiff suffered serious and dangerous side effects, including hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

63.    WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**Third Cause of Action**
**Breach of Express Warranty**

64.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

65.    Through Defendant's public statements, descriptions of the Dual-ended Combat Arms™ earplugs, and promises relating to the Dual-ended Combat Arms™ earplugs, Defendant expressly warranted, among other things, that the Dual-ended Combat Arms™ earplugs were safe and effective for their intended use, and were designed and constructed to prevent harmful sounds from bypassing the earplugs to protect the user's hearing.

66.    These warranties came in one or more of the following forms: (i) publicly made written and verbal assurances of safety; (ii) press releases and dissemination via the media, or uniform promotional information that was intended to create a demand for the Dual-ended Combat Arms™ earplugs (but which contained material misrepresentations and utterly failed to warn of the risks of the

Dual-ended Combat Arms™ earplugs); (iii) verbal assurances made by Defendant's consumer relations personnel about the safety of the Dual-ended Combat Arms™ earplugs which also downplayed the risks associated with the Dual-ended Combat Arms™ earplugs; and, (iv) false and misleading written information and packaging supplied by Defendant.

67.     When Defendant made these express warranties, it knew the purpose(s) for which the Dual-ended Combat Arms™ earplugs were to be used and warranted it to be in all respects safe and proper for such purpose(s).

68.     Defendant drafted the documents and/or made statements upon which these warranty claims are based and, in doing so, defined the terms of those warranties.

69.     The Dual-ended Combat Arms™ earplugs do not conform to Defendant's promises, descriptions, or affirmation of fact, and was not adequately packaged, labeled, promoted, and/or fit for the ordinary purposes for which such earplugs are used.

70.     Plaintiff further alleges that all of the aforementioned written materials are known to Defendant and in its possession, and it is Plaintiff's reasonable belief that these materials shall be produced by Defendant and be made part of the record once Plaintiff is afforded the opportunity to conduct discovery.

71.     As a direct and proximate result of Defendant's breach of the express

warranties, Plaintiff suffered serious and dangerous side effects, including hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

72.     WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**Fourth Cause of Action**
**Breach of Implied Warranties**

73.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

74.     As a service member, Plaintiff was a foreseeable user of the Dual-ended Combat Arms™ earplugs.

75.     At the time Defendant marketed, sold, and distributed the Dual-ended Combat Arms™ earplugs, Defendant knew of the use for which the Dual-ended Combat Arms™ earplugs were intended and impliedly warranted the Dual-ended Combat Arms™ earplugs to be fit for a particular purpose and warranted that the Dual-ended Combat Arms™ earplugs were of merchantable quality and effective for such use.

76.     Defendant knew, or had reason to know, that Plaintiff would rely on Defendant's judgment and skill in providing the Dual-ended Combat Arms™ earplugs for its intended use.

77.     Plaintiff reasonably relied upon the skill and judgment of Defendant as

to whether the Dual-ended Combat Arms™ earplugs were of merchantable quality, safe, and effective for its intended use and purpose.

78.     Contrary to such implied warranties, the Dual-ended Combat Arms™ earplugs were neither of merchantable quality, nor safe or effective for its intended use, because the Dual-ended Combat Arms™ earplugs were, and are, unreasonably dangerous, defective, unfit and ineffective for the ordinary purposes for which the Dual-ended Combat Arms™ earplugs were used.

79.     The Dual-ended Combat Arms™ earplug was defectively designed and manufactured, and was distributed and sold without the provision of reasonable instructions or warnings regarding the foreseeable risk of harm posed by the Dual-ended Combat Arms™ earplugs to service members, including Plaintiff.

80.     As a direct and proximate result of Defendant's breach of implied warranties, Plaintiff suffered serious and dangerous side effects, including hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

81.     WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**Fifth Cause of Action**
**Failure to Warn – Negligence**

82.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

83.     At all times relevant to this action, Defendant had a duty to manufacture, design, formulate, test, package, label, produce, create, make, construct, assemble, market, advertise, promote, and distribute, the Dual-ended Combat Arms™ with reasonable and due care for the safety and wellbeing of U.S. military service men and women, including Plaintiff, who were subject to and used the Dual-ended Combat Arms™ earplugs during their service with the U.S. military.

84.     Plaintiff was a foreseeable user of the Dual-ended Combat Arms™ earplugs.

85.     The Dual-ended Combat Arms™ earplugs are defective, in part, in that the design of the earplug causes them to loosen in the wearer's ear, imperceptibly to the wearer, thereby permitting damaging sounds to enter the ear canal by traveling around the outside of the earplug while the user incorrectly believes that the earplug is working as intended.

86.     The Dual-ended Combat Arms™ earplugs contained no warnings, or in the alternative, inadequate warnings and/or instructions, as to the risk that the Dual-ended Combat Arms™ earplugs would allow for dangerous sounds to bypass the plug altogether, thereby posing a serious risk to Plaintiff's hearing, unbeknownst to him.

87.     The Dual-ended Combat Arms™ earplugs contained no warnings or instructions, or in the alternative, inadequate warnings or instructions, that subjects

in testing did not follow Defendant's standard instructions for insertion, but rather the "modified" insertion method requiring the wearer to fold back the flanges of the opposite end before inserting the plug into the ear.

88.    The Dual-ended Combat Arms™ earplugs contained no warnings or instructions, or in the alternative, inadequate warnings or instructions, that following Defendant's standard instructions for insertion would not achieve the "22" NRR and would thereby pose a serious risk to Plaintiff's hearing unbeknownst to him.

89.    The warnings and instructions that accompanied the Dual-ended Combat Arms™ earplugs failed to provide that level of information that an ordinary consumer would expect when using the Dual-ended Combat Arms™ earplugs in a manner reasonably foreseeable to Defendant.

90.    The Defendant knew, or should have known, of the danger at the time the Dual-ended Combat Arms™ earplugs were provided to Plaintiff.

91.    Had Plaintiff received proper or adequate warnings or instructions as to the risks associated with the Dual-ended Combat Arms™ earplugs, including but not limited to instructing wearers to fold back the flanges on the open/unblocked end of the plug before inserting the closed/blocked end of the plug into the ear, Plaintiff would have heeded the warning and/or instructions.

92.    The Dual-ended Combat Arms™ earplugs were the proximate cause of Plaintiff's hearing loss and tinnitus because design of the earplugs allows for

dangerous sounds to bypass the plug altogether thereby posing a serious risk to Plaintiff's hearing unbeknownst to him.

93.     As a direct and proximate result of Defendant's failure to warn, Plaintiff suffered serious and dangerous side effects, including hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

94.     WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**Sixth Cause of Action**
**Failure to Warn – Strict Liability**

95.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

96.     Defendant is engaged in the business of designing, manufacturing, and selling the Dual-ended Combat Arms™ earplugs

97.     Plaintiff was a foreseeable user of the Dual-ended Combat Arms™ earplugs.

98.     The Dual-ended Combat Arms™ earplugs are defective in that the design of the earplug causes them to loosen in the wearer's ear, imperceptibly to the wearer, thereby permitting damaging sounds to enter the ear canal by traveling around the outside of the earplug while the user incorrectly believes that the earplug is working as intended.

99.   The Dual-ended Combat Arms™ earplugs are defective and unreasonably dangerous even if Defendant exercised all proper care in the preparation and sale of the product.

100.   Defendant knew that the defective condition of the Dual-ended Combat Arms™ earplugs made it unreasonably dangerous to the U.S. military service members who used the device.

101.   The Dual-ended Combat Arms™ earplugs were dangerous when used by an ordinary user who used it as it was intended to be used.

102.   The Dual-ended Combat Arms™ earplugs were dangerous to an extent beyond which would be contemplated by the ordinary user who purchased and/or used the device because the design of the Dual-ended Combat Arms™ earplugs allow for dangerous sounds to bypass the plug altogether, thereby posing a serious risk to a U.S military service members' hearing unbeknownst to him or her.

103.   Defendant knew of the defective design at the time the Dual-ended Combat Arms™ earplugs were provided to Plaintiff.

104.   At the time the Dual-ended Combat Arms™ earplugs left Defendant's possession, the Dual-ended Combat Arms™ earplugs were defective and were in a condition which made them unreasonably dangerous to the ordinary U.S. military service member who used them.

105.   At the time the Dual-ended Combat Arms™ earplugs were used by

Plaintiff, the Dual-ended Combat Arms™ earplugs were defective and were in a condition which made them unreasonably dangerous to the ordinary U.S. military service member who used them.

106.   At all relevant times, Plaintiff used the Dual-ended Combat Arms™ earplugs in the manner in which they were intended.

107.   The Dual-ended Combat Arms™ earplugs contained no warnings, or in the alternative, inadequate warnings and/or instructions, as to the risk that the Dual-ended Combat Arms™ earplugs would allow for dangerous sounds to bypass the plug altogether thereby posing a serious risk to Plaintiff's hearing unbeknownst to him.

108.   The Dual-ended Combat Arms™ earplugs contained no warnings or instructions, or in the alternative, inadequate warnings or instructions, that subjects in testing did not follow Defendant's standard instructions for insertion, but rather the "modified" insertion method requiring the wearer to fold back the flanges of the opposite end before inserting the plug into the ear.

109.   The Dual-ended Combat Arms™ earplugs contained no warnings or instructions, or in the alternative, inadequate warnings or instructions, that following Defendant's standard instructions for insertion would not achieve the "22" NRR and would thereby pose a serious risk to Plaintiff's hearing unbeknownst to him.

110.   The warnings and instructions that accompanied the Dual-ended

Combat Arms™ earplugs failed to provide the level of information that an ordinary consumer would expect when using the Dual-ended Combat Arms™ earplugs in a manner reasonably foreseeable to Defendant.

111.   Had Plaintiff received proper or adequate warnings or instructions as to the risks associated with the Dual-ended Combat Arms™ earplugs, including but not limited to instructing wearers to fold back the flanges on the open/unblocked end of the plug before inserting the closed/blocked end of the plug into the ear, Plaintiff would have heeded the warning and/or instructions.

112.   The Dual-ended Combat Arms™ earplugs were the proximate cause of Plaintiff's hearing loss and tinnitus because the short-stem design of the earplugs allowed for dangerous sounds to bypass the plug altogether thereby posing a serious risk to Plaintiff's hearing unbeknownst to him.

113.   Defendant's conduct was a substantial factor in bringing about Plaintiff's personal injuries because Defendant designed, tested, manufactured, sold, and distributed the Dual-ended Combat Arms™ earplugs that caused Plaintiff's hearing loss and tinnitus.

114.   As a direct and proximate result of Defendant's design defect, Plaintiff was caused to suffer serious and dangerous side effects, including sensorineural hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

115.   WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**Seventh Cause of Action**
**Fraudulent Misrepresentation**

116.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

117.   Defendant falsely and fraudulently represented to Plaintiff, and/or the public in general, that the Dual-ended Combat Arms™ earplugs had been properly tested and were free from all defects.

118.   Defendant intentionally manipulated testing of the Dual-ended Combat Arms™ earplugs, resulting in false NRRs and improper fitting instructions.

119.   The representations made by Defendant were, in fact, false.

120.   When said representations were made, the Defendant knew those representations to be false and it willfully, wantonly and recklessly disregarded whether the representations were true.

121.   These representations were made by said Defendant with the intent of defrauding and deceiving Plaintiff and the public in general, and were made with the intent of inducing Plaintiff and the public in general, to recommend, purchase, and/or use the Dual-ended Combat Arms™ earplugs, all of which evinced a callous and willful disregard to the health, safety and welfare of Plaintiff herein.

122.   Defendant knew or should have known that the Dual-ended Combat Arms™ earplugs had a potential to, could, and would cause severe and grievous injury to the users of said product.

123.   Defendant brought the Dual-ended Combat Arms™ earplugs to the market, and acted fraudulently, wantonly and maliciously to the detriment of Plaintiff.

124.   At the time the aforesaid representations were made by Defendant and, at the time Plaintiff used the Dual-ended Combat Arms™ earplugs, Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

125.   In reliance upon said representations, Plaintiff was indeed induced to and did use Dual-ended Combat Arms™ earplugs, thereby sustaining severe and permanent personal injuries.

126.   Said Defendant knew and was aware or should have been aware that the Dual-ended Combat Arms™ earplugs had not been sufficiently tested, were defective in nature, and/or that they lacked adequate and/or sufficient instructions.

127.   As a result of the foregoing acts and omissions, Plaintiff suffered serious and dangerous side effects including, hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

128.   WHEREFORE, Plaintiff demands judgment against Defendant and

requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## Eighth Cause of Action
## Fraudulent Concealment

129.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

130.   At all times relevant, Defendant misrepresented the safety and efficacy of the Dual-ended Combat Arms™ earplugs for their intended use.

131.   Defendant knew, or should have known that their representations were false.

132.   In representations to Plaintiff, Defendant fraudulently concealed and intentionally omitted the following material information:

     a.   that testing of the Dual-ended Combat Arms™ earplug was deliberately flawed;

     b.   the amount of hearing protection provided by the Combat Arms™ earplug;

     c.   that Defendant was aware of the defects in the Dual-ended Combat Arms™ earplug;

     d.   that the Dual-ended Combat Arms™ earplug was defective, and would cause dangerous side effects, including but not limited to hearing damage or impairment;

e.  that the Dual-ended Combat Arms™ earplug was designed and manufactured negligently;

f.  that the Dual-ended Combat Arms™ earplug was designed and manufactured defectively; and

g.  that the Dual-ended Combat Arms™ earplug was designed improperly.

133.   Defendant was under a duty to disclose to Plaintiff the defective nature of the dual-end Combat Arms™ earplug.

134.   Defendant had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous side effects, and hence, cause damage to persons who used the dual-end Combat Arms™ earplug, including Plaintiff, in particular.

135.   Defendant's concealment and omissions of material facts concerning, inter alia, the safety and efficacy of the Dual-end Combat Arms™ earplug was made purposefully, willfully, wantonly, and/or recklessly, to mislead Plaintiff into reliance, continued use of the dual-end Combat Arms™ earplug, and actions thereon, and to cause him to purchase and/or use the product. Defendant knew that Plaintiff had no way to determine the truth behind Defendant's concealment and omissions, and that these included material omissions of facts surrounding the Dual-end Combat Arms™ earplug, as set forth herein.

136.   Plaintiff reasonably relied on facts revealed which negligently,

fraudulently and/or purposefully did not include facts that were concealed and/or omitted by Defendant.

137.   By reason of the foregoing, Plaintiff suffered serious and dangerous side effects including, hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

138.   WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

### Ninth Cause of Action
### Negligent Misrepresentation

139.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

140.   Defendant had a duty to represent to Plaintiff and the public in general that the Dual-ended Combat Arms™ earplug had been properly tested and found to be effective.

141.   Defendant was aware its testing procedures and fitting instructions were unlawfully manipulated.

142.   The representations made by Defendant were, in fact, false.

143.   Defendant failed to exercise ordinary care in the representation of the Dual-ended Combat Arms™ earplug, while involved in its manufacture, sale, testing, quality assurance, quality control, and/or distribution into interstate

commerce, in that Defendant negligently misrepresented the Dual-ended Combat Arms™ earplug's safety and efficacy.

144.   Defendant breached its duty in representing the Dual-ended Combat Arms™ earplug's serious defects to Plaintiff.

145.   As a result of the foregoing acts and omissions, Plaintiff suffered serious and dangerous side effects including, hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

146.   WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## Tenth Cause of Action
## Fraud and Deceit

147.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

148.   Defendant conducted improper testing on the Dual-ended Combat Arms™ earplug.

149.   As a result of Defendant's intentionally-misleading testing, Defendant blatantly and intentionally distributed false information which overstated the amount of hearing protection provided by the Dual-ended Combat Arms™ earplug.

150.   As a result of Defendant's unlawful and improper testing, Defendant intentionally omitted and misrepresented certain test results to Plaintiff.

151.   Defendant had a duty when disseminating information to the public to disseminate truthful information and a parallel duty not to deceive the public and Plaintiff.

152.   The information distributed to Plaintiff by Defendant contained material representations of fact and/or omissions concerning the hearing protection provided by the Dual-ended Combat Arms™ earplug.

153.   These representations were false and misleading.

154.   Upon information and belief, Defendant intentionally suppressed and/or manipulated test results to falsely overstate the amount of hearing protection provided by the Dual-ended Combat Arms™ earplug.

155.   That it was the purpose of Defendant in making these representations to deceive and defraud the public and/or Plaintiff, to gain the confidence of the public, and/or Plaintiff, to falsely ensure the quality and fitness for use of the Dual-ended Combat Arms™ earplug and induce the public, and/or Plaintiff to purchase, request, dispense, recommend, and/or continue to use the Dual-ended Combat Arms™ earplug.

156.   Defendant made the aforementioned false claims and false representations with the intent of convincing the public and/or Plaintiff that the Dual-ended Combat Arms™ earplug was fit and safe for use.

157.   That these representations and others made by Defendant were false

when made, and/or were made with a pretense of actual knowledge when knowledge did not actually exist, and/or were made recklessly and without regard to the actual facts.

158.   That these representations and others, made by Defendant, were made with the intention of deceiving and defrauding Plaintiff, and were made in order to induce Plaintiff to rely upon misrepresentations and caused Plaintiff to purchase, use, rely on, request, dispense, and/or recommend the Dual-ended Combat Arms™ earplug.

159.   That Defendant, recklessly and intentionally failed to adequately represent the dangerous and serious health and/or safety concerns of the Dual-ended Combat Arms™ earplug to the public at large, Plaintiff in particular, for the purpose of influencing the marketing of a product known to be dangerous and defective and/or not as safe as other alternatives.

160.   That Defendant willfully and intentionally failed to disclose the material facts regarding the dangerous and serious safety concerns of Dual-ended Combat Arms™ earplug by concealing and suppressing material facts regarding the dangerous and serious health and/or safety concerns of Dual-ended Combat Arms™ earplug.

161.   That Defendant willfully and intentionally failed to disclose the truth, failed to disclose material facts and made false representations with the purpose and

design of deceiving and lulling Plaintiff, into a sense of security so that Plaintiff would rely on the representations made by Defendant, and purchase, use and rely on the Dual-ended Combat Arms™ earplug.

162.   That Plaintiff did in fact rely on and believe the Defendant's representations to be true at the time they were made and relied upon the representations and were thereby induced to use and rely on the Dual-ended Combat Arms™ earplug. That at the time the representations were made, Plaintiff did not know the truth regarding the dangerous and serious safety concerns of the Dual-ended Combat Arms™ earplug.

163.   That Plaintiff did not discover the true facts with respect to the dangerous and serious health and/or safety concerns, and the false representations of Defendant, nor could Plaintiff with reasonable diligence have discovered the true facts.

164.   That had Plaintiff known the true facts with respect to the dangerous and serious health and/or safety concerns of Dual-ended Combat Arms™ earplug, Plaintiff would not have used and/or relied on the Dual-ended Combat Arms™ earplug.

165.   That Defendant's aforementioned conduct constitutes fraud and deceit, and was committed and/or perpetrated willfully, wantonly and/or purposefully on Plaintiff.

166.   As a result of the foregoing acts and omissions, Plaintiff suffered serious and dangerous side effects including, hearing loss and tinnitus, and has further suffered the injuries and damages as alleged herein.

167.   WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

### Eleventh Cause of Action
### Kentucky Consumer Protection Act ("KCPA")

168.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

169.   Defendant's actions are deceptive and in clear violation of KCPA, entitling Plaintiff to damages and relief under Ky. Rev. Stat. §367.110 et seq.

170.   The Defendant's conduct was deliberate, willful, intentional and motivated by profit and is indicative of a complete indifference for the safety of Plaintiff. Particularly:

    a.  They deceptively and unfairly permitted a known defective ear plugs to be manufactured which in turn created unreasonable risk of injury to Plaintiff;

    b.  They deceptively and unfairly disregarded information it had available regarding defects in its Dual-ended Combat Arms™ earplugs;

    c.  They deceptively and unfairly altered Dual-ended Combat Arms™

earplugs during fitting as part of its alleged testing for the purpose of securing test results that would enable it to sell its defective Dual-ended Combat Arms™ earplugs;

d. They deceptively and unfairly completed the said testing as above to ensure that the test results would give the false impression that the Dual-ended Combat Arms™ earplugs met required noise attenuation parameters;

e. They had actual acknowledged that the Dual-ended Combat Arms™ earplugs and components did not comply with established guidelines and they deceptively and unfairly kept this information from the U.S. government and end users including Plaintiff;

f. They deceptively and unfairly failed to warn the user public of the defect for fear that this information would adversely affect the confidence of the consumer and thus result in a decrease of profits for the Defendant;

g. They deceptively and unfairly failed to report the safety defect to the U.S. government, the consuming public and all potential users.

171.   Defendant's conduct was deceptive and unfair and motivated by profit and is indicative of a complete indifference for the safety of Plaintiff. The Defendant has had knowledge of the defect and deceptively and unfairly concealed evidence

because of the cost of rectifying the defect in order to protect their profits without regard to the safety of the consumer.

172.   Defendant was under a duty to disclose this information to the Plaintiff, as well as laws requiring it not to engage in false and deceptive trade practices, and as otherwise alleged in this complaint, because Defendant made representations and partial disclosures concerning the nature and quality of their product which they had a duty to correct, because Defendant was in a superior position to know the true state of the facts about the dangerous and defective nature of its known risks to the Plaintiff.

173.   Plaintiff did not know, and could not learn, the material facts and important information Defendant omitted and suppressed. The facts and information deceptively and unfairly suppressed and concealed by Defendant is material, and of such a nature that it can be reasonably presumed that the suppression and concealment of such facts were material facts which were misrepresented to Plaintiff.

174.   As a result of Defendant's deceptive and unfair omission of material facts, the U.S. government and end users including Plaintiff acted to their detriment in purchasing the Dual-ended Combat Arms™ earplugs, which they would not have purchased.

175.   As a result of Defendant's practices, Plaintiff has suffered actual

damages in that he used the Dual-ended Combat Arms™ earplugs which are dangerous and defective that has caused and will continue to cause Plaintiff damages and increased risk of bodily injury and other damages.

176.   Plaintiff is a consumer within the meaning of KCPA, who owned, purchased and/or acquired Dual-ended Combat Arms™ earplugs.

177.   Defendant acted deceptively in the design, manufacture, supply and/or sale of the Dual-ended Combat Arms™ earplugs.

178.   Kentucky Revised Statutes, §§367.110 et seq makes unfair and/or deceptive trade practices in the conduct of any trade or commerce illegal.

179.   Kentucky Revised Statutes, §367.220 creates a private right of action for individuals who are aggrieved by an unfair and/or deceptive trade practice by another person.

180.   Kentucky Revised Statutes, §367.220(3) provides that the prevailing party in litigation arising from a cause of action pursuant to the KCPA shall be entitled to recover reasonable attorney's fees and costs from the non-prevailing party.

181.   Kentucky Revised Statutes §367.170(1) states that a person has violated the KCPA by "unfair or deceptive acts or practices in the conduct of any trade or commerce."

182.   Defendant willfully and knowingly engaged in the above referenced

deceptive and unfair acts and omissions including causing to be designed, manufactured, supplied and/or sold the Dual-ended Combat Arms™ earplugs in violation of 42 U.S.C. § 4901, et seq., that govern the testing and attendant labeling of hearing protective devices like the Dual-ended Combat Arms™ earplugs, as well as: 40 C.F.R. § 211.206-1 and 40 C.F.R. § 211.204-4(e) of the EPA regulations. Defendant engaged in these deceptive and unfair acts in an effort to secure millions of dollars in sales, which constitutes trade and commerce as defined by Ky. Rev. Stat. §367.110(2), and is therefore subject to KCPA.

183.   Defendant's acts constitute unconscionable, deceptive, or unfair acts or practices in violation of KCPA.

184.   Upon information and belief, Defendant continues to deceptively conceal and understate the existence of defects in the Dual-ended Combat Arms™ earplugs; the safety risks associated with the Dual-ended Combat Arms™ earplugs; and the increased risk to the Plaintiff, and public associated with the Dual-ended Combat Arms™ earplugs.

185.   As a result of Defendant's unfair and deceptive trade practices, Plaintiff suffered damages, which entitles him to relief.

186.   WHEREFORE, Plaintiff demands judgment against Defendant for relief as set forth in the Prayer for Relief below, as well as all costs of this action and a trial by jury of all issues to be tried.

**Twelfth Cause of Action**
**Gross Negligence**

187.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

188.   The wrongs committed by Defendant were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff, for which the law would allow the imposition of punitive damages (and which Plaintiff seeks, as set forth below).

189.   Such punitive damages are appropriate given Defendant's conduct, as further alleged herein, which includes the failure to comply with applicable guidelines and standards, including but not limited to ANSI, OSHA, EPA, and MPID guidelines and standards, which recklessly caused substantial injuries to Plaintiff (or, when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others), of which Defendant was actually, subjectively aware of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, or included a material representation that was false, with Defendant knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff.

190.   Plaintiff relied on the representations and suffered injuries as a

proximate result of this reliance.

191.   Plaintiff seeks to assert claims for punitive damages in an amount within the jurisdictional limits of the Court, as set forth below.

192.   Plaintiff also alleges that the acts and omissions of the Defendant, whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiff. In that regard, Plaintiff seeks punitive damages in amounts that would punish Defendant for its conduct and which would deter other manufacturers from engaging in such misconduct in the future.

193.   WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## Punitive Damages

194.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

195.   Defendant has acted willfully, wantonly, with an evil motive, and recklessly in one or more of the following ways:

a. By failing to disclose material facts regarding the dangerous and serious safety concerns of Dual-ended Combat Arms™ earplug by concealing and suppressing material facts regarding the dangerous and serious health and/or safety concerns of Dual-ended Combat Arms™ earplug;

b. By failing to disclose the truth and making false representations with the purpose and design of deceiving and lulling Plaintiffs, and others, so that they would use and rely upon the Dual-ended Combat Arms™

earplug;

c. By falsely representing the dangerous and serious health and/or safety concerns of the Dual-ended Combat Arms™ earplug to the public at large, and Plaintiff in particular.

196. WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## VI.   TIMELINESS AND TOLLING OF STATUTES OF LIMITATIONS

197. Plaintiff filed this lawsuit within the applicable limitations period of first suspecting that the Dual-ended Combat Arms™ earplugs caused his injuries. Plaintiff could not, by the exercise of reasonable diligence, have discovered the wrongful cause of the Dual-ended Combat Arms™ earplugs-induced injuries at an earlier time, because, at the time of these injuries, the cause was unknown to Plaintiff. Plaintiff did not suspect, nor did Plaintiff have reason to suspect, the cause of these injuries, or the tortious nature of the conduct causing these injuries, until less than the applicable limitations period prior to the filing of this action.

198. Furthermore, the running of any statute of limitations has been tolled by reason of Defendant's fraudulent concealment. Through their affirmative misrepresentations and omissions, Defendant actively concealed from Plaintiff the risks associated with the defects in the Dual-ended Combat Arms™ earplugs.

199. As a result of Defendant's actions, Plaintiff was unaware, and could not

reasonably know or have learned through reasonable diligence that the Plaintiff had been exposed to the defects and risks alleged herein, and that those defects and risks were the direct and proximate result of Defendant's acts and omissions.

200.   Through Defendant's affirmative misrepresentations and omissions pertaining to the safety and efficacy of the Dual-ended Combat Arms™ earplugs, Plaintiff was prevented from discovering this information sooner because Defendant herein misrepresented and continued to misrepresent the defective and dangerous nature of the Dual-ended Combat Arms™ earplugs.

201.   Additionally, pursuant to the Servicemembers Civil Relief Act, the period of Plaintiff's military service may not be included in computing any statute of limitations applicable herein. *See* 50 U.S.C. § 3936.

## VII.   JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

i.   That process issue according to law;

ii.  That Defendant be duly served and cited to appear and answer herein, and that after due proceedings are had, that there be judgment in favor of Plaintiff and against Defendant for the damages set forth below, along with court costs, pre-judgment and post-judgment interest at the

legal rate;

iii.    Pain and suffering (past and future);

iv.    Wage loss (past and future);

v.    Loss of earnings and loss of earning capacity;

vi.    Medical expenses (past and future);

vii.    Loss of enjoyment of life (past and future);

viii.    Mental anguish and distress (past and future);

ix.    Disfigurement (past and future);

x.    Physical impairment (past and future);

xi.    Attorney's fees;

xii.    Punitive or exemplary damages in such amounts as may be proven at trial; and

xiii.    For all such other relief, as to which Plaintiff may show himself justly entitled.

Dated:  October 11, 2019                    Respectfully submitted,

/s/Thomas J Henry
THOMAS J. HENRY LAW, PLLC
Tjh.3m@thomasjhenrylaw.com
521 Starr Street
Corpus Christi, Texas 78401
Telephone No.: (361) 985-0600
Facsimile No.:  (361) 985-0601
TX Bar: 09484210

/s/Roger Turk
THOMAS J. HENRY LAW, PLLC
Rlt.3m@thomasjhenrylaw.com
521 Starr Street
Corpus Christi, Texas 78401
Telephone No.: (361) 985-0600
Facsimile No.:  (361) 985-0601
TX Bar: 00788561

/s/Lesley Paniszczyn
THOMAS J. HENRY LAW, PLLC
lpan.3m@thomasjhenrylaw.com
521 Starr Street
Corpus Christi, Texas 78401
Telephone No.: (361) 985-0600
Facsimile No.:  (361) 985-0601
TX Bar: 24079103

/s/Laurie Dobson
THOMAS J. HENRY LAW, PLLC
ldobson.3m@thomasjhenrylaw.com
521 Starr Street
Corpus Christi, Texas 78401
Telephone No.: (361) 985-0600
Facsimile No.:  (361) 985-0601
TX Bar: 24087431

*Attorneys for Plaintiff*